UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Hai Qing Luo, individually and on behalf of all other
employees similarly situated,

Plaintiff,

- against -

Tristar Plumbing Supply Inc., Long River International
Group (USA) Inc., Logo Mechanical Inc., Hao Yang, Zhi
Zhong Lin, Victor Peng, Michael Ma, and Bao Ling Liang

Defendants.

Case No.

**COLLECTIVE & CLASS
ACTION COMPLAINT AND
JURY TRIAL DEMAND**

Plaintiff Hai Qing Luo ("Chen"), on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Tristar Plumbing Supply Inc., Long River International Group (USA) Inc., Logo Mechanical Inc., Hao Yang, Zhi Zhong Lin, Victor Peng, Michael Ma, and Bao Ling Liang (collectively "Defendants"), alleges and shows the Court the following:

**NATURE OF THE ACTION**

1.       Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that he is entitled to (1) unpaid minimum wages; (2) unpaid overtime wages for overtime work for which he did not receive overtime premium pay, as required by law, and (3) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 et seq. Plaintiff brings this claim individually and on behalf of other similarly situated employees under the collective action provisions of the FLSA 29 U.S.C. §216(b).

2.      Plaintiff further complains on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that he is entitled to (1) minimum wages, (2) overtime compensation for work performed for which he did not receive overtime premium pay, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (4) liquidated damages, costs, interest and attorneys' fees pursuant to the New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and other appropriate rules, regulations, statutes and ordinance (collectively "NYLL") governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over the State law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendants Tristar Plumbing Supply Inc. maintains a place of business located at 41-02 Delong Street Units G-H, Flushing, New York 11355, and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §

1391(b) because Defendants Long River International Group (USA) Inc. maintains a place of business located at 134-09 36th Road 2nd Floor, Flushing, New York, 11354, and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## THE PARTIES

8.      Plaintiff is a resident of the State of New York, County of Queens.

9.      Plaintiff has been employed by the Defendants as warehouse worker, loader and driver at Tristar Plumbing Supply Inc. and Long River International Group (USA) Inc., and Logo Mechanical Inc. from February, 2012 to the present.

10.      Upon information and belief, Defendant, Tristar Plumbing Supply Inc. owns and operates a warehouse located 41-02 Delong Street Units G-H, Flushing, New York 11355.

11.      Upon information and belief, Defendant, Tristar Plumbing Supply Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Tristar Plumbing Supply Inc. purchased and handled goods moved in interstate commerce.

12.      Upon information and belief, Defendant Hao Yang is the owner, officer, director and/or managing agent of Tristar Plumbing Supply Inc. at 41-02 Delong Street units G-H, Flushing, New York 11355 and participated in the day-to-day operations of Tristar Plumbing Supply Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tristar Plumbing Supply Inc.

13.      Upon information and belief, Defendant Hao Yang owns the stock of Tristar Plumbing Supply Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

14.     Upon information and belief, Defendant Zhi Zhong Lin is the owner, officer, director and/or managing agent of Tristar Plumbing Supply Inc. at 41-02 Delong Street units G-H, Flushing, New York 11355 and participated in the day-to-day operations of Tristar Plumbing Supply Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tristar Plumbing Supply Inc.

15.     Upon information and belief, Defendant Zhi Zhong Lin owns the stock of Tristar Plumbing Supply Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

16.     Upon information and belief, Defendant Victor Peng is the owner, officer, director and/or managing agent of Tristar Plumbing Supply Inc. at 41-02 Delong Street units G-H, Flushing, New York 11355 and participated in the day-to-day operations of Tristar Plumbing Supply Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tristar Plumbing Supply Inc.

17.     Upon information and belief, Defendant Victor Peng owns the stock of Tristar Plumbing Supply Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

18.     Upon information and belief, Defendant Michael Ma is the owner, officer, director and/or managing agent of Tristar Plumbing Supply Inc. at 41-02 Delong Street units G-H, Flushing, New York 11355 and participated in the day-to-day operations of Tristar Plumbing

Supply Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tristar Plumbing Supply Inc.

19.    Upon information and belief, Defendant Michael Ma owns the stock of Tristar Plumbing Supply Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

20.    Upon information and belief, Defendant Bao Ling Liang is the owner, officer, director and/or managing agent of Tristar Plumbing Supply Inc. at 41-02 Delong Street units G-H, Flushing, New York 11355 and participated in the day-to-day operations of Tristar Plumbing Supply Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tristar Plumbing Supply Inc.

21.    Upon information and belief, Defendant Bao Ling Liang owns the stock of Tristar Plumbing Supply Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

22.    Upon information and belief, Defendant, Long River International Group (USA) Inc. owns and operates a warehouse located 134-09 36th Road 2nd Floor, Flushing, New York, 11354.

23.    Upon information and belief, Defendant, Long River International Group (USA) Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Long River International Group (USA) Inc. purchased and handled goods

moved in interstate commerce.

24.     Upon information and belief, Defendant Hao Yang is the owner, officer, director and/or managing agent of Long River International Group (USA) Inc. at 134-09 36th Road 2nd Floor, Flushing, New York, 11354 and participated in the day-to-day operations of Long River International Group (USA) Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Long River International Group (USA) Inc.

25.     Upon information and belief, Defendant Hao Yang owns the stock of Long River International Group (USA) Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

26.     Upon information and belief, Defendant Zhi Zhong Lin is the owner, officer, director and/or managing agent of Long River International Group (USA) Inc. at 134-09 36th Road 2nd Floor, Flushing, New York, 11354 and participated in the day-to-day operations of Long River International Group (USA) Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Long River International Group (USA) Inc.

27.     Upon information and belief, Defendant Zhi Zhong Lin owns the stock of Long River International Group (USA) Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

28.     Upon information and belief, Defendant Victor Peng is the owner, officer, director and/or managing agent of Long River International Group (USA) Inc. at 134-09 36th Road 2nd Floor, Flushing, New York, 11354 and participated in the day-to-day operations of Long River International Group (USA) Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Long River International Group (USA) Inc.

29.     Upon information and belief, Defendant Victor Peng owns the stock of Long River International Group (USA) Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

30.     Upon information and belief, Defendant Michael Ma is the owner, officer, director and/or managing agent of Long River International Group (USA) Inc. at 134-09 36th Road 2nd Floor, Flushing, New York, 11354 and participated in the day-to-day operations of Long River International Group (USA) Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Long River International Group (USA) Inc.

31.     Upon information and belief, Defendant Michael Ma owns the stock of Long River International Group (USA) Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

32.     Upon information and belief, Defendant Bao Ling Liang is the owner, officer,

director and/or managing agent of Long River International Group (USA) Inc. at 134-09 36th Road 2nd Floor, Flushing, New York, 11354 and participated in the day-to-day operations of Long River International Group (USA) Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Long River International Group (USA) Inc.

33.     Upon information and belief, Defendant Bao Ling Liang owns the stock of Long River International Group (USA) Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2). Upon information and belief, Defendant, Long River International Group (USA) Inc. owns and operates a warehouse located 134-09 36th Road 2nd Floor, Flushing, New York, 11354.

34.     Upon information and belief, Defendant, Logo Mechanical Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Long River International Group (USA) Inc. purchased and handled goods moved in interstate commerce.

35.     Upon information and belief, Defendant Hao Yang is the owner, officer, director and/or managing agent of Logo Mechanical Inc at 134-09 36th Road 2nd Floor, Flushing, New York, 11354 and participated in the day-to-day operations of Logo Mechanical Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Logo Mechanical Inc.

36.     Upon information and belief, Defendant Hao Yang owns the stock of Logo Mechanical Inc. and manages and makes all business decisions including but not limited to the

amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

37.     Upon information and belief, Defendant Zhi Zhong Lin is the owner, officer, director and/or managing agent of Logo Mechanical Inc at 134-09 36th Road 2nd Floor, Flushing, New York, 11354 and participated in the day-to-day operations of Logo Mechanical Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Logo Mechanical Inc.

38.     Upon information and belief, Defendant Zhi Zhong Lin owns the stock of Logo Mechanical Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

39.     Upon information and belief, Defendant Victor Peng is the owner, officer, director and/or managing agent of Logo Mechanical Inc at 134-09 36th Road 2nd Floor, Flushing, New York, 11354 and participated in the day-to-day operations of Logo Mechanical Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Logo Mechanical Inc.

40.     Upon information and belief, Defendant Victor Peng owns the stock of Logo Mechanical Inc and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

41.     Upon information and belief, Defendant Michael Ma is the owner, officer, director

and/or managing agent of Logo Mechanical Inc at 134-09 36th Road 2nd Floor, Flushing, New York, 11354 and participated in the day-to-day operations of Logo Mechanical Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Logo Mechanical Inc.

42.    Upon information and belief, Defendant Michael Ma owns the stock of Logo Mechanical Inc and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

43.    Upon information and belief, Defendant Bao Ling Liang is the owner, officer, director and/or managing agent of Logo Mechanical Inc at 134-09 36th Road 2nd Floor, Flushing, New York, 11354 and participated in the day-to-day operations of Logo Mechanical Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Logo Mechanical Inc.

44.    Upon information and belief, Defendant Bao Ling Liang owns the stock of Logo Mechanical Inc and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

45.    Upon information and belief, Corporate Defendants are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

46.     Upon information and belief, at all times relevant to this action, Corporate Defendants do or did business as joint employers and concurrently engaged employees to work for their two locations, and share substantially the same management and control over their warehouse businesses.

47.     Defendants Tristar Plumbing Supply Inc., Long River International Group (USA) Inc., Logo Mechanical Inc., Hao Yang, Zhi Zhong Lin, Victor Peng, Michael Ma, and Bao Ling Liang are employers within the meaning of the FLSA and New York Labor Law.

48.     Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

49.     At all relevant times Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

50.     Defendants employed the Plaintiff and all others similarly situated employees as employees within the meaning of FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS

51.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since February 17, 2013 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

52.     This collective action class is so numerous that joinder of all members is

impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least thirty (30) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claim.

53.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

54.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

55.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

      a.    whether the Defendants employed the Collective Action members within the meaning of the FLSA;

      b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c.   what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.   whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.   whether Defendants should be enjoined from such violations of the FLSA in the future.

56.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

57.   Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

58.   Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since August 5, 2010 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages and overtime wages in violation of the New York Labor Law (the "Class").

59.   The persons in the Class identified above are so numerous that joinder of all

members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of thirty (30) members of the Class during the Class Period.

60. Plaintiff's claims are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy--particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

61. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

62. Plaintiff has committed himself to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

63. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

64. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.    whether the Defendants employed the Plaintiff and Class within the meaning of the New York Labor Law;

    b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the Class;

    c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      whether Defendants failed to pay the Class wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the NYLL and the regulations promulgated thereunder;

e.      whether Defendants' violations of the NYLL are willful as that term is used within the context of the NYLL;

f.      whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g.      whether Defendants should be enjoined from such violations of the NYLL in the future;

h.      whether Defendants failed to pay Plaintiff and the members of the Class an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split worked in a day; and

i.      whether Defendants failed to provide Plaintiff and the Class with written notices of their rates of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer and other information and disclosures as required by New York Labor Law, §195(1)(a); and

j.      whether Defendants failed to provide Plaintiff and the Class with written statements of their wages, listing the dates of work covered by the payment of wages, the rate of pay and the basis thereof as required by New York Labor Law, § 195(3).

**STATEMENT OF FACTS**

15

65.    At all relevant times, the Defendants operated a warehouse located at 41-02 Delong Street units G-H, Flushing, New York 11355.

66.    At all relevant times, the Defendants operated a warehouse located at 134-06 36th Road 2nd Floor, Flushing, New York 11354.

67.    Upon information and belief, Defendants employ at least thirty (30) employees at relevant time in their warehouses. Plaintiff and a large number of Defendants' other employees have not received their: (1) overtime pay as required by the Fair Labor Standards Act and the New York Labor Law; (2) legally required wage notice statement at the time of hiring and paystubs.

68.    Plaintiff has been employed by the Defendants as a warehouse worker, loader and driver at Tristar Plumbing Supply Inc., Long River International Group (USA) Inc. and Logo Mechanical Inc. from February, 2012 to the present. His duties include but are not limited to stocking, loading and cleaning.

69.    At all relevant periods of time, Plaintiff worked from 7 a.m. until 5:30 p.m. Monday through Saturday.  He took one day off each week on Sundays.  Plaintiff worked a total of sixty three (63) hours each week.

70.    From February, 2012 to December 31, 2012, Plaintiff was paid a flat rate of $2,000 per month.

71.    From January 1, 2013 to June 30, 2013, Plaintiff was paid a flat rate of $2,050 per month.

72.    From July 1, 2013 to December 28, 2013, Plaintiff was paid a flat rate of $2,100 per month.

73.    From May 15, 2014 to August 2, 2015, Plaintiff was paid a flat rate of $2,450 per month.

74. From September 3, 2015 to June 1, 2016, Plaintiff was paid a flat rate of $2,600 per month.

75. From July 5, 2016 to September 30, 2016, Plaintiff was paid a flat rate of $2,700 per month.

76. From October 1, 2016 to the present, Plaintiff was promised an hourly rate of $11.80. However he was not paid for all hours worked.

77. Plaintiff worked more than forty (40) hours each workweek. Specifically, Plaintiff worked at least sixty-three (63) hours each workweek. Plaintiff worked twenty-three (23) hours of overtime hours each week.

78. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of the NYLL; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

79. Plaintiff was not allowed to take any uninterrupted lunch break during his shifts.

80. Throughout the Plaintiff's employment with the Defendants, the Defendants maintained time records. These time records were fraudulently adjusted, and inaccurately reflected the Plaintiff's actual hours worked. Upon information and belief, Defendants maintained this practice to fraudulently appear that Plaintiff was being compensated in compliance with the overtime provisions of the FLSA, and applicable state laws, when in fact they were not.

81. Plaintiff's work was performed in the normal course of the Defendants' business

and was integrated into the business of Defendants.

82.    The work performed by Plaintiff required little skill and no capital investment.

83.    Plaintiff did not supervise other employees; he did not have hiring and firing authority, and his job duties did not include managerial responsibilities or the exercise of independent business judgment.

84.    In addition to the Plaintiff, during the relevant time period, Defendants usually employed at least ten (10) other employees simultaneously.

85.    Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until the present, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital providing stocking, loading and cleaning services.

86.    Such individuals have worked in excess of 40 hours a week, yet the Defendants have likewise willfully failed to pay them for all hours worked at their agreed-upon rates as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the New York Labor Law.

87.    As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery. Upon information and belief, since opening, the Defendants have employed approximately thirty (30) employees.

88.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants routinely required Plaintiff and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in

excess of forty (40) hours per week.

89.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records. Indeed, they acted willfully to create inaccurate or fraudulent time records.

90.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

93.     At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

94.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

95.    The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

96.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

97.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

98.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiff and Rule 23 Class]**

99.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100.    At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

101.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

102.    Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights

by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

103.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

105.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

106.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

107.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

108.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

109.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

110.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

111.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

112.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

113.    Defendants' failure to pay Plaintiff and the Collective their overtime pay violated the NYLL.

114.    Defendants' failure to pay Plaintiff and the FLSA Collective was not in good faith.

### COUNT V
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

115.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

116.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

117.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

118.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

119.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI
### [Violation of New York Labor Law—New York Pay Stub Requirement]

120.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

121.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

122.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or

after Plaintiff's payday.

123.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective plaintiffs and class action Plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a)    Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)    Certification of this case as a collective action pursuant to FLSA;

e)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual

Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)      An injunction against Tristar Plumbing Supply Inc., and Long River International Group (USA) Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)      An award of unpaid overtime wages due under FLSA and New York Labor Law;

i)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

j)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, and overtime compensation pursuant to 29 U.S.C. §216;

k)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, and overtime compensation, pursuant to New York Labor Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)      The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)      Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Dated: Flushing, New York October 5, 2017        HANG & ASSOCIATES, PLLC.

/S *JIAN HANG*
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com

*Attorneys for Plaintiff*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Hao Yang, Long River International Group (USA) Inc., Zhi Zhong Lin, Victor Peng, Tristar Plumbing Supply Inc., Logo Mechanical Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Hai Qing Luo
Full Legal Name (Print)

Hai Qing Luo
Signature

9/13/2017
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY**
**FOR SERVICES RENDERED**

TO:    Hao Yang, Zhi Zhong Lin, Victor Peng, Michael Ma, and Bao Ling Liang

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Hai Qing Luo, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Tristar Plumbing Supply Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: October 5, 2017

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:     Tristar Plumbing Supply Inc.
        41-02 Delong Street, Units G-H
        Flushing, New York 11355

PLEASE TAKE NOTICE, that Hai Qing Luo and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: October 5, 2017

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:    Long River International Group (USA) Inc.
134-09 36th Road, 2nd Floor
Flushing, New York 11354

PLEASE TAKE NOTICE, that Hai Qing Luo and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: October 5, 2017

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:     Logo Mechanical Inc.
        134-09 36th Road
        Flushing, New York 11354

PLEASE TAKE NOTICE, that Hai Qing Luo and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: October 5, 2017